**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TYLETTE CULL and AMANDA DAVIS,**

                              **Plaintiffs,**

              **v.**                                              **5:23-CV-1462**
                                                                      **(FJS/ML)**
**THE UNITED STATES OF AMERICA and**
**MURPHY BECKON,**

                              **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **LYNN LAW FIRM, LLP** | **KAITLYN M. GUPTILL, ESQ.** |
| 333 West Washington Street | |
| Suite 100 | |
| Syracuse, New York 13202 | |
| Attorneys for Plaintiffs | |
| **OFFICE OF THE UNITED** | **FORREST T. YOUNG, AUSA** |
| **STATES ATTORNEY** | |
| James Hanley U.S. Courthouse | |
| and Federal Building | |
| 100 South Clinton Street, Suite 900 | |
| Syracuse, New York 13261 | |
| Attorneys for Defendant United | |
| States of America | |
| **MURPHY BECKON** | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Pending before the Court is Defendant United States of America's (hereinafter referred to

as "Defendant United States") motion to dismiss the claims against it -- Plaintiffs' Second and

Fourth Causes of Action -- pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for

lack of subject matter jurisdiction and, alternatively, Rule 12(b)(6) of the Federal Rules of Civil

Procedure for failure to state a claim.  *See* Dkt. No. 10, Notice of Motion, at 1.[1]

## II. BACKGROUND

Plaintiffs assert common law tort claims against Defendant United States pursuant to the

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA")  *See* Dkt. No. 1, Complaint,

¶¶ 31-65, 72-111 (Second and Fourth Causes of Action -- Negligence).  Plaintiffs' FTCA claims

arise from two separate incidents in which Plaintiffs allege Defendant Beckon sexually assaulted

them.  *See id.* at ¶¶ 14-24.  According to Plaintiffs, the alleged sexual assaults occurred in

Defendant Beckon's barracks bedroom at Fort Drum in 1992.  *See id.*  Plaintiffs claim that the

Department of the Army negligently hired, trained, supervised, and controlled Defendant

Beckon, which allegedly resulted in Defendant Beckon's sexual assaults against Plaintiffs.  *See

id.* at ¶¶ 31-65, 72-111.  The basis of Plaintiff's allegations is that the Army should have acted to

prevent the assaults but negligently failed to take appropriate actions to do so.  *See id.*

Defendant United States argues, among other things, that the Court must dismiss the

claims against it under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject

matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies with the

Department of the Army before filing suit.[2]  *See* Dkt. No. 10-1, Defendant United States'

Memorandum of Law, at 3.

---

[1] Defendant United States notes that it "does not represent Defendant Murphy Beckon, and therefore takes no position as to the allegations [against him] set forth in Plaintiffs' First and Third Causes of Action."  *See* Dkt. No. 10 at 1.

[2] Moreover, Defendant United States asserts that, even if Plaintiffs had exhausted their claims with the Army, this suit is barred by the discretionary function and intentional tort exceptions to the FTCA.  *See* Dkt. No. 10-1, Defendant United States' Memorandum of Law, at 3.  In the

Plaintiffs submitted separate administrative claims to the Department of the Army on November 14, 2023.  *See* Complaint at ¶ 4.  Before receiving a response from the Army, Plaintiffs commenced this lawsuit on November 21, 2023.  *See id.*  On January 11, 2024, the Army informed Plaintiffs' counsel that Plaintiffs' administrative claims were denied due to their filing of this lawsuit.  *See* Declaration of James Green ("Green Decl.") at ¶ 2, Exhibits A and B.

Plaintiffs' complaint includes two FTCA claims against Defendant United States based on their general allegation that the Army failed to prevent Defendant Beckon's assaults on them by negligently hiring and supervising him.  Among other things, Plaintiffs assert that the Army breached a duty of care through its negligent hiring, supervision, training, and retention of its employees, including Defendant Beckon.  *See* Complaint at ¶¶ 47-51, 91-95.  Plaintiffs also allege that the Army was negligent in allowing non-military personnel like Plaintiffs onto the Fort Drum military base and for failing to timely and adequately punish Defendant Beckon for his alleged attacks against them.  *See id.* at ¶¶ 52-62, 96-108.  Plaintiffs claim that the Army's alleged failures exposed them to unreasonable risk of harm, which caused them to suffer Defendant Beckon's sexual assaults against them.  *See id.* at ¶¶ 63-65, 109-111.  Finally, Plaintiffs allege that the Army's negligence caused them to suffer, among other things, extreme emotional distress, PTSD, and pain and suffering.  *See id.* at ¶¶ 65, 111.

---

alternative, Defendant United States contends that the Court should dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the FTCA's two-year statute of limitations bars Plaintiffs' negligence claims and because Defendant Beckon's alleged sexual assaults were not committed within the scope of his employment with the Army, which is a requirement for FTCA liability.  *See id.* at 3-4.

# III. DISCUSSION

**A.    Plaintiffs' claims against Defendant United States**

*1. Legal Standard - Rule 12(b)(1) of the Federal Rules of Civil Procedure*

"Dismissal for lack of subject matter jurisdiction is proper 'when the district court lacks the statutory or constitutional power to adjudicate' a case." *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  A plaintiff who asserts subject matter jurisdiction "'has the burden of proving by a preponderance of the evidence that it exists.'"  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  In resolving a motion to dismiss under Rule 12(b)(1), "'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'"  *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)).  Nonetheless, "'[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"  *APWU, AFL-CIO v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

*2. Defendant United States' argument*

Defendant United States argues that it is immune from suit unless it waives sovereign immunity and consents to be sued.  *See* Dkt. No. 10-1 at 7 (citing *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016).  In other words, if the United States does not waive its sovereign immunity, courts lack subject matter jurisdiction over claims against the United States.

*See id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  Furthermore,

Defendant United States argues that "[a] waiver of the federal government's sovereign immunity

'is to be strictly construed in favor of the government.'"  *See id.* (quoting *McGowan*, 825 F.3d at

126 (internal quotation marks omitted)).  Moreover, "a waiver must be 'unequivocally expressed

in the statutory text' and cannot be implied."  *See id.* (quoting *Cooke v. United States*, 918 F.3d

77, 81 (2d Cir. 2019)).

      Defendant United States asserts that the FTCA provides a waiver of sovereign immunity

such that "'[t]he United States shall be liable, respecting the provisions of this title relating to tort

claims, in the same manner and to the same extent as a private individual under like

circumstances.'"  *See id.* (quoting 28 U.S.C. § 2674).  Defendant United States notes that "[t]he

waiver of sovereign immunity under FTCA 'operates subject to numerous conditions, each of

which must be satisfied for a court to exercise jurisdiction.'"  *See id.* (quoting *Adeleke v. United

States*, 355 F.3d 144, 153 (2d Cir. 2004)).  One of those conditions is that the FTCA requires that

a claimant exhaust all administrative remedies before filing a complaint in federal district court.

*See id.* (citing *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80, 82 (2d Cir.

2005); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) (requiring "complete

exhaustion of . . . remedies before invocation of the judicial process" because "[e]very premature

filing of an action under the FTCA imposes some burden on the judicial system")).  According to

Defendant United States, this "exhaustion requirement is jurisdictional and cannot be waived."

*See id.* at 8 (citing *Celestine*, 403 F.3d at 82).  Moreover, Defendant United States asserts that

"[i]t is a plaintiff's burden to both plead and prove compliance with the FTCA's statutory

requirements, including exhaustion."  *See id.* (citing *Manchanda v. Lewis*, No. 21-CV-1088, 2021

WL 5986877, at *2 (2d Cir. Dec. 17, 2021) [summary order] (citation omitted)).  According to

Defendant United States, "absent such compliance, the court has no subject matter jurisdiction over a plaintiff's claim." *See id.* (citing [*Manchanda*, 2021 WL 5986877 at *2]).  Therefore, Defendant United States argues that a court should dismiss FTCA claims that are filed prematurely for lack of jurisdiction even if the claims would be ripe if refiled later.  *See id.* (citing [*Manchanda*, 2021 WL 5986877] at *5 n.3; *see also McNeil*, 508 U.S. at 111-13 (finding that federal courts lack jurisdiction over claims filed prior to exhaustion of administrative remedies; a complaint filed before exhaustion does not become effective upon final agency denial, and plaintiff was required to file new action within six months of final agency denial)).

In this case, Plaintiffs filed separate administrative tort claims with the Army on November 14, 2023, one week before they filed this lawsuit on November 21, 2023.  *See* Complaint; Dkt. No 10-3, Green Declaration Exhibit A; Dkt. No. 10-4, Green Declaration Exhibit B.  The Army received Plaintiffs' claims on November 27, 2023, and denied them on January 11, 2024.  *See* Dkt. No. 10-2, Declaration of James Green.  In its denial letters, the Army stated that it denied Plaintiffs' administrative claims due to Plaintiffs' initiation of this litigation. *See* Dkt. No. 10-1, Defendant United States' Memorandum of Law, at 8.  In other words, Defendant United States argues that, because Plaintiffs did not exhaust their administrative claims with the Army before they filed this suit, sovereign immunity has not been waived; and, therefore, the Court must dismiss Plaintiffs' claims against the United States for lack of subject matter jurisdiction.  *See id.* (citing *Breitenbach v. Caffrey*, No. 15-CV-797, 2016 W 375123, at *2 (N.D.N.Y. Jan. 29, 2016) (dismissing suit without prejudice for lack of subject matter jurisdiction where it was undisputed that plaintiff failed to exhaust administrative remedies before filing suit); *Smith v. Arrowood*, No. 21-CV-6318, 2022 WL 3927884, at *10-11 (W.D.NY. Aug. 31, 2022) (same, collecting cases); *Tarafa v. B.O.P. MDC Brooklyn*, No. 07-CV-554, 2007 WL

2120358, at *3 (E.D.N.Y. July 23, 2007) ("Although it is this court's view that dismissing

plaintiff's FTCA claim and requiring him to re-file is the ultimate exercise of form over

substance, this court must dismiss plaintiff's FTCA claim under the Supreme Court's dictates in

*McNeil*." (internal alterations and citations omitted))).  Defendant United States also asserts that

this "Court's lack of subject matter jurisdiction cannot be cured by amendment of the complaint

because jurisdiction must exist at the time the original complaint was filed."  *See id.* n.3 (citing

*Manchanda*, 2021 WL 5986877, at *5 n.2 (noting that "prematurely-filed FTCA claims should

be dismissed without prejudice, even where those claims would be ripe if re-filed at a later

date"); *see also Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a general rule, a

premature FTCA complaint cannot be cured through amendment, but instead, plaintiff must file a

new suit." (internal alter[]ations omitted))).

### 3. *Plaintiffs' position*

Plaintiffs note that they do not dispute the timing of their administrative claims and the

commencement of this litigation prior to the final determination of their administrative claims.

*See* Dkt. No. 16-4, Plaintiffs' Memorandum of Law, at 4.  However, they argue that there are

several other dates that are important to this timeline.  *See id.*  First, Plaintiff Cull did not receive

her FOIA release from the Department of the Army until August 28, 2023.  *See id.* (citing Exhibit

A to Attorney Declaration [A]).  Upon review of the documents Plaintiff Cull received, it

appeared that the Department of the Army had withheld a significant number of records, without

explanation and, through counsel, she was forced to request this information again.  *See id.*  On

November 21, 2023, Plaintiff Cull's counsel received a second FOIA release from the

Department of the Army, "containing exponentially more documentation, including additional

evidence/exhibits reviewed by the military, Ms. Cull's own statement, both a final statement and question and answer portion, sketch of her assailant's barrack's bedroom, witness statements, photographs of her assailant's barrack's bedroom, and evidence/property custody reports (Exhibit B to Attorney Declaration [B])." *See id.*

In addition, Plaintiff Davis asserts that she did not receive her FOIA release from the Department of the Army until November 7, 2023. *See id.* (citing Exhibit C to Attorney declaration [C]). Plaintiffs assert that all of Plaintiff Davis' records were heavily redacted and incomplete, again with exhibits withheld. *See id.* at 5.

Finally, Plaintiffs assert that "the Department of the Army did not produce any documentation, transcripts, reports, or depositions from the proceeding at which [Plaintiffs] "provided testimony in conjunction with these assaults" and "[t]he delayed and fractured FOIA releases served as a deterrent for a more prompt filing of [P]laintiffs' administration claims to the Department of the Army." *See id.*

Plaintiffs recognize that, under the FTCA, plaintiffs must comply with certain procedural requirements, including first exhausting their administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See id.* (citing, generally, *Carroll v. United States*, 2024 U.S. Dist. Lexis 51884 *, *9 [N.D.N.Y., 2024]). They also note that "[t]his claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual[.]" *See id.* (citing *Carroll*, 2024 U.S. Dist. Lexis 51884 at *9).

Plaintiffs argue that there is no dispute that they filed claims for monetary damages with the Department of the Army on November 14, 2023. However, they were unable to await the Department of the Army's final administrative determination because the New York State Adult

Survivors Act (ASA)'s "lookback window" expired on November 23, 2023, and the six-month

FTCA statutory administrative waiting period would extend well beyond that to May 2024.  *See*

*id.*  Plaintiffs note that the ASA created a year-long window for plaintiffs to bring certain sexual

assault claims occurring in New York even if those claims would otherwise be time-barred.  *See*

*id.* (citing *Morrison v. Scotia Cap. (United States) Inc.*, 2023 U.S. Dist. Lexis 214277*, *4

[S.D.N.Y., 2023]; NY CPLR § 214-j).  Furthermore, Plaintiffs assert that the ASA covers conduct

including "'intentional or negligent acts or omissions by a person for physical, psychological, or

other injury or condition suffered as a result of conduct which would constitute a sexual offense

as defined in article one hundred and thirty of the penal law[.]"  *See id.* (quoting CPLR § 214-j).

Plaintiffs note that, therefore, they were in the untenable position of either having to allow the

ASA to expire to comply with the FTCA's administrative exhaustion requirement, thereby likely

foreclosing their last opportunity to pursue their thirty-year overdue claims for justice or making

a good faith effort to file their administrative claims and then file this suit two days before the

ASA expired.  *See id.* at 5-6.

　　　　Plaintiffs acknowledge that the exhaustion of the administrative claim requirement is

jurisdictional in nature and cannot be waived.  *See id.* at 6 (citing *Carroll*, 2024 U.S. Dist. Lexis

51884, at *10).  Nonetheless, they argue that this fact does not prevent the Court from

considering whether there are extenuating circumstances that technical compliance be excused in

the interests of justice.  *See id*. (citing *Forest v. United States*, 539 F. Supp. 171, 174 [D. Mont.

1982]).  They argue that "[t]he function and purpose of the administrative claim requirements is

to provide for more fair and equitable treatment of private individuals when they are involved in

litigation with their government[.]"  *See id.* (citing *Forest*, 539 F. Supp at 174; quote, citation and

ellipse omitted).  Plaintiffs acknowledge, however, that the Second Circuit has historically

viewed this argument critically, *see id.* (citing *McFarlane v. United States*[,] 684 F. Supp[.] 780 [E.D.N.Y. 1988]); however, they note that "other Courts have considered claims timely filed, even though there was no written denial of claim by the government, as the effect would unfairly deny plaintiff of a remedy[.]"  *See id.* (citing *De Berrio v. United States*, 495 F. Supp[.] 179 [D.C.Z. 1980]).

Finally, Plaintiffs argue that, "[c]onsidering the gravity of the underlying facts of this claim, and the unique circumstances of the ASA revival statute intersecting with the FTCA, should this Court find that [P]laintiffs did not exhaust their administrative remedies, . . . this Court [should] dismiss [their] claims without prejudice and leave to amend[.]"  *See id.* (citing *Carroll*, 2024 U.S. Dist. Lexis 51884 at *16).  As a second alternative remedy, "[P]laintiffs ask that this suit be stayed, rather than dismissed for failure to exhaust administrative remedies, allowing the Department of the Army to reach a determination on the merits of [their] claims. Upon denial by the Department of the Army, [P]laintiffs should be allowed to amend their complaint and proceed once this remedy is exhausted[.]"  *See id.* at 6-7 (citing *Chambly v. Lindy*, 601 F. Supp[.] 959 [N.D. Ind. 1985]).

Although Plaintiffs acknowledge that they did not exhaust their administrative remedies under the FTCA, which they concede is required for the Court to find that Defendant United States has waived its sovereign immunity, they, nonetheless argue, that rather than dismiss their claims the Court should either dismiss their claims against Defendant United States without prejudice and with leave to amend or stay this action until they are able to exhaust their administrative remedies, that is not the law.  Given that it is undisputed that Plaintiffs did not exhaust their administrative remedies under the FTCA prior to commencing this action against the United States, the Court has no choice but to dismiss Plaintiffs' claims against Defendant

United States for lack of subject matter jurisdiction because Defendant United States has not waived its sovereign immunity.

**B.    Plaintiffs' claims against Defendant Beckon**

Plaintiffs assert two claims against Defendant Beckon, both of which are state-law claims brought pursuant to the New York Adult Survivor's Act, New York CPLR 214-J, *see* Dkt. No 1, Complaint, over which they assert this Court has supplemental jurisdiction. *See* Complaint at ¶¶ 25-30 (on behalf of Plaintiff Cull); Complaint at ¶¶ 66-71 (on behalf of Plaintiff Davis).

Pursuant to 28 U.S.C. § 1367,

> (a) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[,] . . . (c) [t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367.

In their complaint, Plaintiffs assert that "[j]urisdiction is pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) and 39 U.S.C. § 401, for the negligence and intentional acts inflicted upon plaintiff Tylette Cull and plaintiff Amanda Davis [and] [t]his Court has supplemental jurisdiction by virtue of the New York Adult Survivor's Act, New York CPLR § 214-J." *See* Dkt. No. 1, Complaint, at ¶¶ 1-2.  Plaintiffs also state in their complaint that they have brought their claims "against the United States of America and Murphy Beckon pursuant to

Federal Tort Claims Act 28 U.S.C. § 1346(b)(1) seeking money damages as compensation for the serious, permanent and personal injuries of plaintiffs." *See id.* at ¶ 3.

Since the Court has concluded that it does not have subject matter jurisdiction over Plaintiffs' FTCA claims against the United States, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims against Defendant Beckon and dismisses those claims without prejudice. *See* 28 U.S.C. § 1367(c). Finally, the Court notes that, pursuant to 28 U.S.C. § 1367(d), "[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claims under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

## IV. CONCLUSION

After reviewing the entire file in this case, the parties' submissions, and the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant United States' motion to dismiss Plaintiffs' claims against it, pursuant to the Federal Tort Claims Act, for lack of subject matter jurisdiction, *see* Dkt. No. 10, is **GRANTED** and these claims are dismissed without prejudice; and the Court further

**ORDERS** that the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state-law claims against Defendant Beckon and dismisses those claims without prejudice pursuant to 28 U.S.C. § 1367(c); and the Court further

**ORDERS** that, in light of the dismissal of the state-law claims against Defendant Beckon pursuant to 28 U.S.C. § 1367(c), the Court **DENIES** Plaintiffs' motion for entry of a default judgment against Defendant Beckon, *see* Dkt. No. 24, as moot.

**IT IS SO ORDERED.**

Date:  March 27, 2025
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge